# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**JAMES ALFORD, ET AL**                                                      **PLAINTIFFS**

**VS.**                           **CIVIL ACTION NO. 3:07CV756-HTW-LRA**

**KUHLMAN CORPORATION, ET AL**                                     **DEFENDANTS**

## ORDER

THIS CAUSE came before the Court for hearing on January 21, 2009, on Plaintiffs' Second Motion to Amend Complaint, docket entry 121, along with numerous other motions. Plaintiffs request leave of the Court to amend in order to include two substantive amendments to the Complaint, namely:

1. To add claims against two parties, Herbert G. Sparrow, III, and the law firm, Dickinson Wright, PLLC (hereinafter the "Dickinson Defendants"); and

2. To add a claim of Civil Conspiracy against all Defendants.

The request to amend was made nearly twenty months after the Complaint was filed, and nearly a year after the deadline to amend the pleadings expired, August 22, 2008. Although Plaintiffs argue that the deadline should not be enforced, as other deadlines were extended, no party requested that the amendment to pleadings deadline be changed. Plaintiffs initially quoted Federal Rule of Civil Procedure 15(a)(2) as authority for the late amendment, that leave to amend "shall be freely given when justice so

requires." This rule does not apply once a scheduling order has been entered. The controlling authority relating to amendments made after the scheduling order deadline is set forth in the cases of *S&W Enterprises v. Southtrust Bank*, 315 F.3d 533 (5th Cir. 2003), and *Southwestern Bell Tel.Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Those cases held that once a scheduling order has been entered by the court, the decision to allow an amended complaint is controlled by FED. R. CIV. P. 16(b), rather than the often quoted Rule 15. Rule 16(b) states that the schedule set by the court "shall not be modified except upon a showing of good cause . . . .").

In determining whether good cause is shown, *S&W Enterprises* sets forth a four-part test, requiring the court to consider "(1) the explanation for the failure to [timely move for leave to amend] (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536, quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

The Undersigned has applied the four-part test to the circumstances in the instant case and concludes that the motion to amend should be denied. Plaintiffs' explanation for the late request is insufficient to establish good cause. They contend that the underlying facts establishing their claims against these prior attorneys for BorgWarner and Kuhlman were somehow

2

withheld due to the sealing of a legal malpractice case by BorgWarner and Kuhlman against their attorneys in Cook County, Illinois. They also contend that the insurance information was withheld. Plaintiffs' explanation of why they could not have discovered the underlying facts supporting their claims of fraud and conspiracy during the many months of discovery is insufficient. Plaintiffs knew of the existence of the "Stalwart Documents" at least by October 1, 2008, when they served their requests for production relating to these documents; yet they still waited nearly a year prior to filing the request to amend. The Court rejects Plaintiffs' argument that Defendants' purported discovery abuse was a valid reason for the delay.

The Court has also considered the "importance of the amendment," and that analysis weighs against allowing the amendment. If they choose, Plaintiffs may file a separate action against these attorneys. These Plaintiffs have medical claims due to allegedly toxic environmental contamination at the Kuhlman site; the inability to include the attorneys in this lawsuit will not hamper the prosecution of these Plaintiffs' medical claims. The amendment is not "important" to the prosecution of the medical claims.

The undersigned also finds that these Defendants will be prejudiced if the Court allows this late amendment. Turning this environmental waste/medical claims lawsuit into a fraud and conspiracy case will require much additional discovery and delay this case even further. The prejudice cannot

be cured by a continuance, as much of the massive discovery would have to be redone and some would start over. Certainly the new Dickinson Defendants would be entitled to engage in a full scale of discovery in their attempts to defend the claims made against them. The original Defendants would be required to defend themselves against new claims of fraud and conspiracy, and much additional discovery would be necessary. This case is already difficult to manage due to the number of parties and the extensive medical and scientific and expert discovery necessary. The conspiracy and fraud theories would increase the difficulties in managing the litigation and the ultimate trial to be conducted. Dispositive motions have been filed; these would require supplementation or either the filing of new motions.

The Undersigned finds that Plaintiffs have failed to meet any portion of the *S & W Enterprises* test. Accordingly, they have not set forth facts sufficient to demonstrate the required "good cause" to justify their late request to amend.

IT IS, THEREFORE, ORDERED:

1. Plaintiffs' Second Motion to Amend Complaint, docket entry 121, is **denied.**

2. As this decision was not based on any information contained in the proposed Sur-Rebuttal, Borgwarner's and Kuhlman Corporations' Motion for Leave to File Sur-Rebuttal in Opposition

4

to Plaintiffs' Motion to Amend Complaint, docket entry 140, is **denied**, and Plaintiffs' Motion to Strike that motion and sur-rebuttal, docket entry 149, is **granted.**

SO ORDERED, this the 26th day of March, 2010.

                                              S/ Linda R. Anderson
                                   UNITED STATES MAGISTRATE JUDGE